| | |
|---|---|
| **WO** | SC |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Torrez, | ) | No. CV 10-0116-PHX-MHM (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Corrections Corp. of America, et al., | ) | |
| Defendants. | ) | |

David Torrez and four other inmates confined in the La Palma Corrections Center (LPCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a joint *pro se* Civil Rights Complaint by a Prisoner under 28 U.S.C. § 1983, Torrez v. Corrections Corp. of America, No. CV09-2298-PHX-MHM (MHB), doc.# 1.[1] Torrez filed the first page of the court-approved form Application to Proceed *In Forma Pauperis* and a motion for appointment of person to serve process. (Id., 3, 4.) In an Order filed January 21, 2010, the Court severed that action into separate cases and ordered that Torrez's *in forma pauperis* application and motion for appointment of person to serve process be filed in his case. (Doc.# 4.) Torrez, Plaintiff in this case, has since filed a First Amended Complaint and a motion to certify this case as a class action. (Doc.# 8, 9.) Plaintiff has not paid the $350.00 civil action filing fee or filed a proper Application to Proceed *In Forma Pauperis*. The Court will give Plaintiff 30 days to pay the fee or file a completed Application to Proceed *In Forma Pauperis*. The Court will deny Plaintiff's motions.

---

[1] "Doc.#" refers to the docket number of filings in this case unless otherwise indicated.

## I. Payment of Filing Fee

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where he was confined during the six-month period. Id. To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

## II. Application Fails to Comply With Statute

Plaintiff has submitted only the first page of the court-approved form Application to Proceed *In Forma Pauperis*. (Doc.# 2.) Plaintiff must submit a properly completed *in forma pauperis* application. That is, the "Consent to Collection of Fees from Trust Account" section must be filled out, signed, and dated. Plaintiff must also have the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section completed and Plaintiff must submit a certified six-month trust account statement. In light of the deficiencies in the submitted application, Plaintiff will be permitted 30 days to either pay the $350.00 filing fee or file a complete Application to Proceed *In Forma Pauperis*.

## III. Motion for Appointment of Person to Serve Process

Plaintiff has filed a motion to appoint a person to serve process. (Doc.# 3.) As noted

above, Plaintiff has not submitted a properly complete Application to Proceed *In Forma Pauperis.* If Plaintiff is granted leave to proceed *in forma pauperis*, service will be ordered by the Court.

**IV.    Motion to Certify a Class**

Plaintiff has also filed a motion to certify this case as a class action. (Doc.# 9.) Plaintiff has not shown that the four prerequisites to a class action under Rule 23(a), Fed.R.Civ.P., *i.e.*, numerosity, typicality, commonality, and adequacy of representation, are met in this case. Moreover, although Plaintiff may appear on his own behalf, he may not appear as an attorney for other persons in a class action. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent fellow inmates in a class action). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983). Accordingly, Plaintiff's motion to certify a class will be denied.

**V.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **denied without prejudice**. (Doc.# 2.)

(2) Within 30 days of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(3) If Plaintiff fails to either pay the $350.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(4) The Clerk of the Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

(5) Plaintiff's motions for appointment of person to serve process and to certify a case are **denied**. (Doc.# 3, 9.)

DATED this 4th day of March, 2010.

_____
Mary H. Murguia
United States District Judge