**WO**                                                                                                       SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Torrez, | No. CV 10-0116-PHX-MHM (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Corrections Corp. Of America, et al., | |
| Defendants. | |

David Torrez and four other inmates confined in the La Palma Corrections Center (LPCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a joint *pro se* Civil Rights Complaint by a Prisoner under 28 U.S.C. § 1983, Torrez v. Corrections Corp. of America, No. CV09-2298-PHX-MHM (MHB), doc.# 1.[1] Torrez filed the first page of the court-approved form Application to Proceed *In Forma Pauperis*. (Id. at 3, 4.) The Court severed that action into separate cases and ordered that Torrez's *in forma pauperis* application be filed in Torrez's case. (Doc.# 4.) Torrez (Plaintiff) has filed a First Amended Complaint and a complete *in forma pauperis* application in this case. (Doc.# 8, 12-14.) He has also filed a motion for appointment of counsel. (Doc.# 15.) The Court will dismiss the First Amended Complaint with leave to amend and deny the motion to appoint counsel.

**I.        Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).

---

[1] "Doc.#" refers to the docket number of filings in this case unless otherwise indicated.

The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

| | |
|---|---|
| 1 | If the Court determines that a pleading could be cured by the allegation of other facts, |
| 2 | a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the |
| 3 | action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court |
| 4 | should not, however, advise the litigant how to cure the defects. This type of advice "would |
| 5 | undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, |
| 6 | 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was |
| 7 | required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be |
| 8 | dismissed with leave to file a second amended complaint. |

### III. First Amended Complaint

Plaintiff's First Amended Complaint ostensibly contains two counts for violation of his religious rights and federal statutory rights. Plaintiff sues CCA and the following employees of LPCC: Warden James Schomig; Assistant Warden of Programs Chad Miller; Chaplain Muriel Powers; and Religious Facilitators Justin Roberts and J. Ozborne-Barrett. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

### IV. Failure to Comply with Instructions/Third Party Claims

Plaintiff failed to comply with the Instructions in completing the court-approved form complaint. Plaintiff also included allegations in his First Amended Complaint concerning alleged violations of other inmates' rights. The Court will dismiss the First Amended Complaint with leave to amend so that Plaintiff may correct these deficiencies.

The Instructions for completing the court-approved form complaint for use by inmates state in relevant part that:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. *If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.* You do not need to cite law.

(Instructions at ¶ 1) (italics added). Further, the Instructions direct that a plaintiff:

> *should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.* You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

(Id. at ¶ 10) (italics added). In addition, the Instructions provide that:

> 1. Counts. *You must identify which civil right was violated.* **You may allege the violation of only one civil right per count**.
> 2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.
> 3. Supporting Facts. *After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible.* You must state what each individual defendant did to violate *your* rights. If there is more than one defendant, you must identify which defendant did what act. *You also should state the date(s) on which the act(s) occurred, if possible.*
> 4. Injury. State precisely how you were injured by the alleged violation of your rights.

(Id., part C) (italics added).

Plaintiff has failed to comply with the Instructions. First, each count of the First Amended Complaint contains multiple claims. The Instructions require that each claim be set forth in a separate count. Each count must identify the federal constitutional or statutory right violated, identify the defendant(s) who allegedly violated the right, and state how and when. Plaintiff also appended nearly 90 pages of exhibits to the First Amended Complaint. The Instructions require a plaintiff to paraphrase portions of exhibits relevant to an alleged violation.

In addition to the foregoing, Plaintiff included numerous assertions concerning alleged violations of other inmates' rights in his First Amended Complaint.[2] A "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)).

The Court will dismiss the First Amended Complaint with leave to file a second

---

[2] Plaintiff filed his First Amended Complaint prior to the Court's denial of his motion to certify a class in this case. (Doc.# 11, 8.)

amended complaint. In a second amended complaint, Plaintiff must set forth each claim in a separate count. In each count, Plaintiff must allege the federal constitutional or statutory right violated, specifically identify the defendant(s) who allegedly violated the federal constitutional or statutory right at issue, and allege how and when each defendant did so. Plaintiff must repeat this process for each count. Rather than append exhibits, Plaintiff must paraphrase information from exhibits that may be relevant to a particular federal claim. In addition, in an amended complaint, Plaintiff must limit his claims to alleged violations of *his* rights. See Mothershed, 410 F.3d at 610.

## V.     Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of any prior complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes any prior complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat any prior complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in a prior complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.    Motion for Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel because he is indigent and

1  counsel would be better able to conduct discovery.  (Doc.# 15, 16.)  In a supplement to his
2  request, Plaintiff asserts that LPCC is failing to comply with CCA policies regarding
3  assistance for inmates who file § 1983 actions.  (Doc.# 16.)

4  Counsel is only appointed in a civil rights action in "exceptional circumstances."
5  Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn
6  v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017
7  (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'the
8  likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims
9  *pro se* in light of the complexity of the legal issues involved.'"  Wilborn, 789 F.2d at 1331;
10 see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017.

11 Plaintiff's assertions do not support the existence of exceptional circumstances.
12 Plaintiff appears well able to articulate his claims in light of the complexity of the legal
13 issues involved as well as to conduct discovery.  Plaintiff's motion will be denied.

14 **VII.  Warnings**

15     **A.  Release**

16 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
17 Also, within days of his release, he must either (1) notify the Court that he intends to pay the
18 balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in
19 dismissal of this action.

20     **B.  Address Changes**

21 Plaintiff must file and serve a notice of a change of address in accordance with Rule
22 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
23 relief with a notice of change of address.  Failure to comply may result in dismissal of this
24 action.

25     **C.  Copies**

26 Plaintiff must submit an additional copy of every filing for use by the Court.  See
27 LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

28

to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc.# 12.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The First Amended Complaint (doc.# 8) is **dismissed** for the reasons stated herein. Plaintiff has **30 days** from the filing date of this Order to file a second amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6) Plaintiff's motion for appointment of counsel is **denied**. (Doc.# 15.)

DATED this 17th day of May, 2010.

_____
Mary H. Murgula
United States District Judge