# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Torrez, | No. CV 10-0116-PHX-MHM (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Corrections Corp. of America, et al., | |
| Defendants. | |

Plaintiff David Torrez filed a First Amended Complaint in this action, which the Court recently dismissed with leave to amend. (Doc.# 8, 18.) The Court dismissed the First Amended Complaint because Plaintiff failed to comply with the Instructions for completing the court-approved form complaint to be used by inmates and included third-party claims. (Doc.# 18 at 3-5.) Plaintiff has filed an "Ex Parte Motion for Temporary Restraining Order; Preliminary Injunction." (Doc.# 17.) The Court will deny that motion.

The standard for a temporary restraining order (TRO) is the same as that to obtain a preliminary injunction. See Applied Filter Tech. v. Wetzel, No. C09-1040JLR, 2009 WL 2424802 at * 3 (W.D. Wash. Aug. 5, 2009) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)); see also Highway Tech., Inc. v. Porter, No. CV09-1305-DGC, 2009 WL 1835114 at *1 (D. Ariz. June 26, 2009) (applying Winter standard to a motion for TRO). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct.

365, 374 (2008); Am. Trucking Assoc., Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). "No preliminary injunction shall be issued without notice to the adverse party." Fed.R.Civ. P. 65(a)(1). Further, a temporary restraining order without notice may be granted only if the applicant certifies to the court in writing the efforts, if any, that he made to give notice and the reasons that notice should not be required. Fed. R. Civ. P. 65(b).

In the motion, Plaintiff alleges that he is now being prevented from preparing legal documents on a prison computer that is apparently otherwise available for use by inmates in retaliation for filing this case. Plaintiff has not certified in writing the efforts he made, if any, to give notice to Defendants or reasons why notice should not be required. Moreover, as discussed above, Plaintiff failed to comply with the Instructions for completing the court-approved form complaint and asserted claims on behalf of third parties. Under the circumstances, the Court will deny the motion without prejudice to filing a new motion after Plaintiff has filed a second amended complaint in compliance with the last Order.

**Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

/    /    /

| | |
|---|---|
| 1 | **C.    Copies** |
| 2 | Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> |
| 3 | LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice |
| 4 | to Plaintiff. |
| 5 | **D.    Possible Dismissal** |
| 6 | If Plaintiff fails to timely comply with every provision of this Order, including these |
| 7 | warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at |
| 8 | 1260-61 (a district court may dismiss an action for failure to comply with any order of the |
| 9 | Court). |
| 10 | **IT IS ORDERED** that Plaintiff's Ex Parte Motion for a Temporary Restraining Order |
| 11 | or Preliminary Injunction is **denied**. (Doc.# 17.) |
| 12 | DATED this 6th day of June, 2010. |

_____
Mary H. Murguia
United States District Judge